NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE BUSSANICH, | No.   18-71189 |
| Petitioner, | BRB No. 17-0477 |
| v. | |
| PORTS AMERICA; et al., | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted December 5, 2019**
San Francisco, California

Before:  GOULD and CALLAHAN, Circuit Judges, and BOUGH,*** District Judge.

Steve Bussanich petitions for review of a decision of the Benefits Review

Board ("Board") affirming an Administrative Law Judge's ("ALJ's") decision

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

denying permanent disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 ("the Act"). We have jurisdiction pursuant to 33 U.S.C. § 921(c). We review questions of law de novo, *Peru v. Sharpshooter Spectrum Venture LLC*, 493 F.3d 1058, 1061 (9th Cir. 2007), and we review decisions by the Board for errors of law and adherence to the substantial evidence standard, *Kalama Servs., Inc. v. Dir., Office of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004). We dismiss the petition in part and deny the petition in part.

Since 2004, Bussanich has lived with a degenerative joint disease in his neck. In 2013, he suffered a neck injury at work when he was hit by a turnbuckle swinging from a crane. The ALJ awarded temporary disability benefits but denied permanent benefits, finding that Bussanich did not establish that his injury permanently aggravated his underlying degenerative condition. The Board affirmed.

For the first time on appeal, Bussanich now contends that the ALJ's decision should be vacated pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018), because the ALJ was not properly appointed under the Appointments Clause of the United States Constitution. We do not reach this issue. The Department of Labor regulations expressly require petitioners to raise all issues for appeal before the Board. 20 C.F.R. § 802.211(a). Because Bussanich did not raise this argument

2

below, he has forfeited the issue on appeal. *SSA Terminals v. Carrion*, 821 F.3d 1168, 1174 (9th Cir. 2016). We do not make an exception here because there are no exceptional circumstances that would warrant review of this appeal. *Marathon Oil Co. v. United States*, 807 F.2d 759, 768 (9th Cir. 1986).

We next address Bussanich's contention that the ALJ's decision is not supported by substantial evidence. We disagree. The ALJ properly considered the evidence as a whole and found that Bussanich did not prove by a preponderance of the evidence that his injury permanently exacerbated his underlying degenerative condition.

The ALJ also did not err in her evaluation of the medical opinion testimony. It was not error for the ALJ to give less weight than was urged by Bussanich to the causal opinion of Dr. Jon Huseby, Bussanich's primary care physician. Dr. Huseby testified that he is not a specialist in neck injuries, and that he would defer to a specialist in that context.

The ALJ also did not err in her evaluation of Dr. Benduan Yang's or Dr. John Burns' causal opinions. Although Dr. Yang testified that it was "very likely" that Bussanich's neck injury aggravated his underlying condition, he also testified that it was "possible" that Bussanich's current condition could be the result of the natural progression of his underlying disease. Also, Dr. Yang did not testify as to whether the aggravation was temporary or permanent. By contrast, Dr. Burns

testified that Bussanich's injury did not permanently aggravate his underlying condition, although he too acknowledged uncertainty. Finding both Dr. Yang and Dr. Burns to be equivocal, the ALJ concluded that Bussanich did not meet his burden of proof that his neck injury from the turnbuckle accident permanently aggravated his underlying condition. This conclusion was supported by substantial evidence.

Further, the ALJ did not err in giving less weight to the timeline of Bussanich's symptoms and treatment. The ALJ accurately summarized the medical evidence, and she noted that despite small improvements, Bussanich continued to experience the same symptoms. It was not error for the ALJ to conclude that the timeline did not have much bearing on the key question of whether Bussanich's current condition was the causal result of the injury or rather merely the natural progression of his underlying condition.

Finally, the ALJ was not required to award permanent benefits based on her factual findings. Although the ALJ found that Bussanich perceived that he was unable to work, his perception of his ability does not mandate an award of benefits under the Act.

**PETITION DISMISSED IN PART AND DENIED IN PART; ORDER OF THE BOARD AFFIRMED.**

4